[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15824
Non-Argument Calendar

_____

D. C. Docket No. 06-00190-CR-T-27-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN SINISTERRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 13, 2007)**

Before BIRCH, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Martin Sinisterra appeals his 121-month sentence for conspiracy and possession with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States, 46 U.S.C. app. § 1903(a), and (g), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2; and conspiracy to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States, 46 U.S.C. app. § 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii). Initially, Sinisterra has not demonstrated that the district court committed error in failing to dismiss the indictment for lack of jurisdiction. Second, the record shows, and Sinisterra concedes, that the district court did not clearly err by applying a two level enhancement for being the captain of the vessel. Finally, the district court considered the 18 U.S.C. § 3553(a) factors, accurately calculated the guideline range, and sentenced Sinisterra at the low end of the guidelines range, and no other circumstances suggest that his sentence is unreasonable. Accordingly, as discussed below, we AFFIRM.

## I. **BACKGROUND**

In May 2006, a federal grand jury entered a two-count indictment against Sinisterra, a Colombian national, and four others. Count one charged that on 14 May 2006, the defendants conspired to possess with intent to distribute five kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United

States, in violation of 46 U.S.C. app. § 1903(a), (g),[1] and (j), 21 U.S.C. § 960(b)(1)(B)(ii). Count two charged that on the same day the defendants possessed with intent to distribute five kilograms of cocaine, in violation of 46 U.S.C. app. § 1903(a) and (g), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2.

Prior to trial, Sinisterra agreed to enter a guilty plea to counts one and two of the indictment. At his plea hearing, the government proffered that on 14 May 2006, while on patrol in the international waters in the eastern Pacific Ocean, a United States maritime patrol aircraft sighted a suspected go-fast vessel approximately one hundred fifteen-nautical miles southwest of the Galapagos Islands. The go-fast vessels are typically used by drug trafficking operations to smuggle large quantities of cocaine from Colombia to Mexico for distribution to the United States. As the United States Coast Guard closed in on the go-fast vessel, the crew on the go-fast vessel set it on fire, and all five crew members (defendants) jumped into the water. The Coast Guard crew rescued the defendants and attempted to extinguish the fire but the vessel broke up and started to sink. Multiple bales of cocaine floated to the surface as the vessel sunk. The United States recovered thirty-six bales of cocaine plus another seven hundred and fifteen

---

[1] The appendix to Title 46 containing the subject provisions was repealed effective 6 October 2006, and reenacted as 46 U.S.C. §§ 70503 and 70506, respectively, with no relevant changes. See Pub.L. No. 109-134, 120 Stat. 1485 (2006).

individual bricks from the damaged bales, for a total weight seized of four thousand pounds. At the time of their initial arrest, none of the defendants admitted to being the captain of the vessel. Since the captain of the vessel failed to make any claim of nationality, the Coast Guard declared the vessel flagless and to be a vessel without nationality, which authorized the enforcement of the laws of the United States on the vessel and its crew members, defendants in this case. Sinisterra agreed with the government's recitation of the facts and pleaded guilty to the charges.

The presentence investigation report ("PSI") assigned Sinisterra a base offense level of 38 pursuant to U.S.S.G. § 2D1.1(c)(3). The PSI noted that others arrested identified Sinisterra as the captain of the "go-fast" boat, and, therefore, recommended adding two points pursuant to U.S.S.G. § 2D1.1(b)(2)(B). Sinisterra was granted a safety-valve reduction and two points were deducted pursuant to U.S.S.G. § 5C1.2. Three points were deducted for acceptable of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (b). The PSI reported that the charged offense carried a mandatory term of imprisonment of 10 years pursuant to 21 U.S.C. § 960(b)(1)(B). Sinisterra, however, met the criteria set forth in 18 U.S.C. § 3553(f)(1-5), and, therefore, the district court could impose a sentence in accordance with the sentencing guidelines and without regard to the statutory

4

minimum sentence.  Accordingly, the probation officer recommended a total offense level of 35, and criminal history category of I, which produced a sentencing guideline range of 168-210 months.

Neither Sinisterra nor the government objected to the PSI prior to sentencing.  At sentencing, Sinisterra did not enter any objections to the PSI or to the application of the advisory guidelines.  Accordingly, the court then adopted the guidelines calculations set forth in the PSI.

Sinisterra spoke to the court in allocution.  Defense counsel then stated that Sinisterra did not object to the two level increase for captain's role in the offense because "the law is not on my side."  R3 at 8.  Nonetheless, defense counsel asked the court to consider that the defendants were low on the totem pole of the drug trafficking organization, and that any of them could technically be the captain since "[t]hey all drive the boat."  Id.  Defense counsel requested that it impose a reasonable sentence, and suggested that a term of 120 months of imprisonment would serve the sentencing goals.

The court found that Sinisterra had done what he could to lower his exposure in terms of sentencing by cooperating early and indicating his decision to plead guilty early.  The court noted that it considered the sentencing factors set forth in 18 U.S.C. § 3553(a), the advisory guidelines, the government's U.S.S.G. § 5K1.1

motion, and the seriousness of the offense. The court also discussed the goals of sentencing including the need for deterrence and to promote respect for the laws. Based on this, the court departed three levels to offense level 32, and sentenced Sinisterra to 121 months as to each count, the terms to run concurrently, followed by five years of supervised release. The parties did not object to the sentence.

Sinisterra timely appealed. In his brief, Sinisterra states that he wished to adopt the arguments filed by his co-appellants providing they inure to his benefit. The government responds that Sinisterra may not do so because he has no co-Appellants, and none of his co-defendants had filed an appeal when he submitted his brief.

## II. **DISCUSSION**

### A. **Whether the district court plainly erred by failing <u>sua sponte</u> to dismiss the indictment for lack of jurisdiction**

On appeal, Sinisterra first argues that the Maritime Drug Law Enforcement Act (MDLEA), 46 U.S.C. app. §§ 1901-1904, is unconstitutional to the extent that it confers jurisdiction over drug trafficking within international waters regardless of proof that the drugs were destined for the United States. Specifically, Sinisterra argues that the district court did not have jurisdiction over him because the vessel was seized nowhere near the United States, there were no facts showing that the vessel was bound to or came from the United States, and the government did not

6

establish a nexus between the vessel and the United States. Sinisterra further argues that the fact that the go-fast vessel was similar to other vessels known to transport drugs was not enough to confer jurisdiction over him. Sinisterra asserts that this issue should be reviewed de novo.

At the outset, contrary to the government's assertion that Sinisterra waived this challenge to the district court's jurisdiction by entering a guilty plea, our law is clear that a guilty plea does not bar an appeal that raises a jurisdictional question. United States v. Reynolds, 215 F.3d 1210, 1215 (11th Cir. 2000) (per curiam) (citation omitted). Rather, we review de novo a district court's "interpretation and application of statutory provisions" that go to whether the court has subject matter jurisdiction. United States v. Tinoco, 304 F.3d 1088, 1114 (11th Cir. 2002) (citation and quotation omitted). "Consequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court." United States v. Cotton, 535 U.S. 625, 630, 122 S. Ct. 1781, 1785 (2002) (citations omitted).

The United States Constitution empowers Congress "[t]o define and punish Piracies and Felonies committed on the High Seas, and Offences against the Law of Nations." U.S. Const. art.I, § 8, cl. 10. In enacting the MDLEA, Congress found and declared these things:

7

> trafficking in controlled substances aboard vessels is a serious international problem and is universally condemned. Moreover, such trafficking presents a specific threat to the security and societal well-being of the United States.

46 U.S.C. app. § 1902. The MDLEA provides, in relevant part, that "[i]t is unlawful for any person . . . on board a vessel subject to the jurisdiction of the United States . . . to possess with intent to manufacture or distribute, a controlled substance." 46 U.S.C. app § 1903(a). A "vessel subject to the jurisdiction of the United States" includes "a vessel without nationality." 46 U.S.C. app. § 1903(c)(1)(A). Additionally, "a 'vessel without nationality' includes . . . a vessel aboard which the master or person in charge makes a claim of registry, which claim is denied by the flag nation whose registry is claimed" or "a vessel aboard which the master or person in charge makes a claim of registry and the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." Id. at § 1903(c)(2)(A), (C).

In United States v. Estupinan, 453 F.3d 1336, 1339 (11th Cir. 2006) (per curiam), we noted that "the district court committed no error in failing to sua sponte rule that Congress exceeded its authority under the Piracies and Felonies Clause in enacting the MDLEA."

In Tinoco, we addressed a similar issue where a vessel was intercepted in international waters, flew no flag, contained no registration documentation or

8

identifying markings, and Colombian officials were unable to confirm its registration. 304 F.3d at 1092-94. We concluded that the vessel in Tinoco comported with the "vessel without nationality" under § 1903(c)(2)(C), and, consequently, was stateless. Id. at 1116. "Because stateless vessels do not fall within the veil of another sovereign's territorial protection, all nations can treat them as their own territory and subject them to their laws." United States v. Rendon, 354 F.3d 1320, 1325 (11th Cir. 2003) (citation and quotation omitted).

Additionally, in Tinoco, we concluded that "Congress, under the 'protective principle' of international law, may assert extraterritorial jurisdiction over vessels in the high seas that are engaged in conduct that 'has a potentially adverse effect and is generally recognized as a crime by nations that have reasonably developed legal systems.'" Id. at 1108 (citation omitted). Further, our circuit and other circuits have not embellished the MDLEA with a nexus requirement. See, e.g., United States v. Mena, 863 F.2d 1522, 1527 (11th Cir. 1989) (rejecting facial challenge to MDLEA based on a lack of a "meaningful relationship" to the United States).

Accordingly we reject Sinisterra's argument that the district court erred by failing to sua sponte dismiss the indictment for lack of jurisdiction. As noted above, we have upheld the prosecution of vessels without nationality under § 1903.

9

See Tinoco, 304 F.3d at 1112. In addition, we do not attach a nexus requirement to the MDLEA. See Mena, 863 F.2d at 1527. Furthermore, we have held that the district court does not commit error in failing to sua sponte find that Congress exceeded its authority in enacting the MDLEA. See Estupinan, 453 F.3d at 1339. Thus, the district court committed no error on this issue.

**B. Whether the district court erred by finding that Sinisterra was a captain and increasing by two levels his base offense level**

On appeal, Sinisterra concedes that according to our decision in Rendon, 354 F.3d 1320, the district court properly calculated a two-level increase in his offense level for being a captain in the offense. Nevertheless, Sinisterra requests that we reexamine our prior decisions in boat cases. Sinisterra argues that all defendants could and did navigate the vessel, and, therefore, none was more culpable than another.

We review a district court's findings of fact for clear error and its application of the sentencing guidelines de novo. United States v. Jackson, 276 F.3d 1231, 1233 (11th Cir. 2001) (citation omitted). Section 2D1.1(b)(2)(B) imposes the enhancement based on the role of the defendant in the importation or exportation of a controlled substance: "If . . . the defendant acted as a pilot, copilot, captain, navigator, flight officer, or any other operation officer aboard any craft or vessel carrying a controlled substance." U.S.S.G. § 2D1.1(b)(2)(B). Moreover, we have

10

adopted the rule that a prior decision of the circuit (panel or en banc) cannot be overruled by a later panel but only by the court sitting en banc or by the United States Supreme Court. United States v. Machado, 804 F.2d 1537, 1543 (11th Cir. 1986).

Here, the district court did not err factually by applying the enhancement based on its conclusion that Sinisterra was captain of the vessel that was transporting the cocaine. See United States v. Bonilla, 463 F.3d 1176, 1179 (11th Cir. 2006). At sentencing, Sinisterra conceded that he was, at least, a captain of the vessel.

**C.** **Whether Sinisterra's 121 month sentence was unreasonable, in violation of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005)**

Sinisterra requests that we conduct an independent analysis of his case rather than apply the typical sentences imposed in other boat cases from the Middle District of Florida. Sinisterra asserts that sentences in boat cases were historically inflated due to the mandatory sentencing guidelines, and have remained so in spite of the now-advisory scheme. Sinisterra argues that he has no criminal history, he had no knowledge that the drugs would reach the United States, he will be deported following the completion of his sentence, there is no need for restitution, and he was a pawn in a large drug cartel.

11

Pursuant to the Supreme Court's instructions in <u>Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005), we review a district court's sentence, imposed after consulting the guidelines and considering the factors set forth at 18 U.S.C. § 3553(a), for reasonableness. <u>United States v. Williams</u>, 435 F.3d 1350, 1353 (11th Cir. 2006) (per curiam) ("Under <u>Booker</u>, we review a defendant's ultimate sentence for reasonableness."). Some of the § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, pertinent sentencing guidelines, and the need to avoid unwarranted sentencing disparities. <u>See</u> 18 U.S.C. § 3553(a). The reasonableness review is "deferential" and focuses on whether the sentence imposed fails to achieve the purposes of sentencing as stated in § 3553(a). <u>United States v. Talley</u>, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). Moreover, we have recognized that a range of reasonable sentences exists from which the district court may choose. <u>Id.</u> "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." <u>Id.</u>

We conclude that Sinisterra's 121-month sentence is reasonable and affirm. First, the district court followed the proper procedure in determining the sentence because it: (1) correctly calculated the advisory Guidelines range; and (2) indicated

that it had considered the factors contained in 18 U.S.C. § 3553(a). See id.

Second, the district court imposed a sentence at the bottom of the advisory guidelines range and far from the statutory maximum of life imprisonment, both of which are indications of a reasonable sentence. See id. (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). Finally, Sinisterra has failed to meet his burden of showing that his sentence was unreasonable in light of the record and the § 3553(a) factors. See id. Sinisterra's claim that his sentence was unreasonable because it was based almost exclusively on the drug quantity, fails because the goals of the sentencing guidelines are also reflected in the reasonableness factors, including the need for the sentence imposed to reflect the seriousness of the offense and to provide just punishment for the offense, and the kinds of sentence and the sentencing range. See 18 U.S.C. §§ 3553(a)(2)(A), and (4). Likewise, Sinisterra's claim that his sentence was unreasonable because he has no criminal history also fails because the sentencing guidelines are also reflected in the reasonableness factors. Also, the district court did consider Sinisterra's role in the offense, and he conceded that he was the captain of the vessel. Finally, the 121-month sentence imposed on Sinisterra is only one month longer than the sentence he advocated for at sentencing. Also, Sinisterra's offenses involved a large drug quantity, over 1800 kilograms, which

13

was substantially more than the 150 kilogram minimum necessary to achieve the maximum offense level contemplated by the sentencing guidelines under U.S.S.G. § 2D1.1(c).

### III. CONCLUSION

Because the district court correctly calculated the guidelines range and considered the factors of § 3553(a), and because Sinisterra failed to establish that his sentence at the low end of the advisory Guidelines range is unreasonable, we **AFFIRM**.