[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16279
Non-Argument Calendar

_____

D. C. Docket No. 05-00240-CR-T-24-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL ESTUPINAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 28, 2006)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Manuel Estupinan appeals from his plea of guilty to the charge of conspiracy

to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii). Specifically, Estupinan challenges the constitutionality of 46 U.S.C. app. § 1903, the Maritime Drug Law Enforcement Act ("MDLEA"). After review, we affirm.

## I. BACKGROUND

On May 30, 2005, the United States Coast Guard ("USCG") spotted a "go-fast" boat alongside a fishing vessel in international waters off the coast of Ecuador. After the two vessels separated, the go-fast boat appeared dead in the water. When the USCG launched an inflatable boat to conduct a boarding, the go-fast boat attempted to escape. A USCG helicopter fired warning shots, which caused the go-fast boat to stop. Before jumping overboard, the four crew members of the go-fast boat were observed removing their clothing, throwing cargo overboard and attempting to set the boat on fire.

The crew was apprehended, including Defendant Estupinan. A total of approximately 118 bales of cocaine, weighing approximately 2,676 kilograms, were recovered from the go-fast boat and the surrounding waters. Estupinan and his co-defendants were taken into custody by the USCG.

On June 7, 2005, Estupinan and his co-defendants were charged in a two-

count indictment with: (1) possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a) and (g), and 21 U.S.C. § 960(b)(1)(B)(ii); and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B).  On July 18, 2005, Estupinan pled guilty to count two of the indictment (the conspiracy count) pursuant to a written plea agreement, and on July 25, 2005, the district court accepted Estupinan's guilty plea.  On October 28, 2005, based on an adjusted offense level of 33, a criminal history category of I, and a advisory Guidelines range of 135-168 months' imprisonment, the district court sentenced Estupinan to 135 months' imprisonment.

Estupinan timely appealed.

## II.  DISCUSSION

On appeal, Estupinan argues that the MDLEA is unconstitutional. Specifically, Estupinan contends: (1) that Congress exceeded its authority under the "Piracies and Felonies Clause" of the Constitution[1] in enacting the MDLEA;

---

[1]The Piracies and Felonies Clause is found at Article I, Section 8, Clause 10 of the Constitution, and it empowers Congress "[t]o define and punish Piracies and Felonies on the high Seas, and Offences against the Law of Nations."  U.S. Const., art. I, § 8, cl. 10.

and (2) that the MDLEA is unconstitutional because it removes the element of jurisdiction from the jury's consideration. We conclude that both arguments lack merit.

**A. Congress's Authority Under the Piracies and Felonies Clause**

Preliminarily, we note that Estupinan failed to raise his Piracies and Felonies Clause argument before the district court. Ordinarily, this would cause us to review for plain error, and indeed, the government here urges us to apply plain-error review. See United States v. Moriarty, 429 F.3d 1012, 1018 (11th Cir. 2005) ("Constitutional objections not raised before the district court are reviewed only for plain error."). However, Estupinan contends that he is entitled to de novo review because he is actually arguing that the district court lacked subject-matter jurisdiction over the instant case as a result of Congress's improper enactment of the MDLEA, and subject-matter jurisdiction can be raised at any time. See United States v. Perez, 956 F.2d 1098, 1101 (11th Cir. 1992) (reviewing previously unraised issue of district court's subject matter jurisdiction de novo).

We need not resolve the question of which standard of review is appropriate here, because even applying the more exacting standard of de novo review, we conclude that the district court did not err by failing to hold sua sponte that Congress exceeded its authority under the Piracies and Felonies Clause in enacting

the MDLEA.

The Piracies and Felonies Clause empowers Congress "[t]o define and punish Piracies and Felonies on the high Seas, and Offences against the Law of Nations." U.S. Const., art. I, § 8, cl. 10. In pertinent part, the MDLEA provides that "[i]t is unlawful for any person . . . on board a vessel subject to the jurisdiction of the United States . . . to possess with intent to manufacture or distribute, a controlled substance."[2] 46 U.S.C. app. § 1903(a). The MDLEA was specifically enacted to punish drug trafficking on the high seas, "because drug trafficking aboard vessels (1) 'is a serious international problem and is universally condemned,' and (2) 'presents a specific threat to the security and societal well-being of the United States.'" United States v. Rendon, 354 F.3d 1320, 1325 n.2 (11th Cir. 2003) (citation omitted). Moreover, "this circuit and other circuits have not embellished the MDLEA with [the requirement of] a nexus [between a defendant's criminal conduct and the United States]." Rendon, 354 F.3d at 1325; see also United States v. Moreno-Morillo, 334 F.3d 819, 824-25 (9th Cir. 2003) (holding that Congress properly acted within the scope of the Piracies and Felonies

_____

[2]A "vessel subject to the jurisdiction of United States" includes "a vessel without nationality." 46 U.S.C. app. § 1903(c)(1)(A). Estupinan does not contest that the vessel at issue here, which bore no indicia of nationality, was "subject to the jurisdiction of the United States." However, Estupinan does contend that the MDLEA unconstitutionally places the jurisdictional determination in the hands of the judge, rather than the jury. This argument is discussed infra at Section II(B).

Clause in enacting the MDLEA); <u>United States v. Ledesma-Cuesta</u>, 347 F.3d 527, 531-32 (3d Cir. 2003) (observing that Congress derived the "authority" to enact the MDLEA from the Piracies and Felonies Clause).  Indeed, as the Third Circuit has recognized, "[i]nasmuch as the trafficking of narcotics is condemned universally by law-abiding nations, we see no reason to conclude that it is 'fundamentally unfair' for Congress to provide for the punishment of persons apprehended with narcotics on the high seas."  <u>United States v. Martinez-Hidalgo</u>, 993 F.2d 1052, 1056 (3d Cir. 1993).  Estupinan directs us to no case in which any court has held that the MDLEA was an unconstitutional exercise of Congressional power.  Thus, we readily hold that the district court committed no error in failing to <u>sua sponte</u> rule that Congress exceeded its authority under the Piracies and Felonies Clause in enacting the MDLEA.

## B.  Jurisdiction as a Jury Issue

Estupinan also argues that the MDLEA is unconstitutional because it provides that the judge, rather than the jury, shall decide whether a vessel is "subject to the jurisdiction of the United States" for purposes of establishing a violation of 46 U.S.C. app. § 1903(a).  Specifically, Estupinan contends that the MDLEA is unconstitutional because it creates an offense with a jurisdictional element, but then takes consideration of that element away from the jury, in

6

violation of the Supreme Court's decision in <u>United States v. Gaudin</u>, 515 U.S. 506, 115 S. Ct. 2310 (1995). However, Estupinan correctly recognizes that this Court has already expressly addressed and rejected his <u>Gaudin</u> argument in <u>United States v. Tinoco</u>, 304 F.3d 1088 (11th Cir. 2002). Because "only the Supreme Court or this Court sitting en banc can judicially overrule a prior panel decision," we must follow <u>Tinoco</u>. <u>See</u> <u>United States v. Marte</u>, 356 F.3d 1336, 1344 (11th Cir. 2004) (explaining prior panel rule).

## III. CONCLUSION

For the foregoing reasons, we reject Estupinan's contention that the MDLEA is unconstitutional, and affirm Estupinan's conviction.

**AFFIRMED.**