[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13839
Non-Argument Calendar

_____

D. C. Docket No. 06-00035-CR-T-26-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LIBARDO ESTUPINAN-ESTUPINAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 27, 2007)**

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Libardo Estupinan-Estupinan appeals his conviction for conspiracy to

possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of The Maritime Drug Law Enforcement Act (MDLEA), 46 App. U.S.C. § 1903(a), (g), (j), and 21 U.S.C. § 960(b)(1)(B)(ii). He asserts two arguments on appeal, which we address in turn.

I.

Estupinan-Estupinan first contends the district court lacked subject-matter jurisdiction over him because neither he nor his crime had a proven connection to the United States, and it offends "traditional notions of fair play and substantial justice" to allow an exercise of jurisdiction over him under these circumstances.

"A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). However, to the extent that Estupinan-Estupinan's challenge is to the district court's jurisdiction over him, we review his argument *de novo*. *See United States v. Perez*, 956 F.2d 1098, 1101 (11th Cir. 1992).

We have considered and rejected the argument that, because no "nexus" was proven between a defendant–a Colombian national who was apprehended on a "go fast" boat in the Pacific Ocean and indicted under the MDLEA–and the United

States, the district court lacked jurisdiction over the defendant. *See United States v. Rendon*, 354 F.3d 1320, 1325 (11th Cir. 2003). "[U]nder the protective principle of international law, [Congress] may assert extraterritorial jurisdiction over vessels in the high seas that are engaged in conduct that has a potentially adverse effect and is generally recognized as a crime by nations that have reasonably developed legal systems." *Id.* (quotations omitted). Furthermore, we emphasized that we, along with other Circuits, have rejected the argument that a "nexus" to the United States is a prerequisite to the exercise of jurisdiction under the MDLEA. *Id.* Because we have rejected the argument that a district court lacks jurisdiction over a foreign national indicted under the MDLEA for transportation of drugs in international waters, Estupinan-Estupinan's argument fails.

## II.

Next, Estupinan-Estupinan contends the MDLEA is unconstitutional because it is an *ultra vires* exercise of Congress' power under Article I, § 8, cl. 10 of the Constitution, which gives Congress the power to "define and punish Piracies and Felonies on the high seas." We have held the MDLEA does not exceed Congress' law-making authority, noting that the "Piracies and Felonies" Clause of the Constitution empowers Congress to "define and punish Piracies and Felonies on the high Seas, and Offences against the Law of Nations," and the MDLEA was

3

designed to "punish drug trafficking on the high seas, because drug trafficking aboard vessels (1) is a serious international problem and is universally condemned, and (2) presents a specific threat to the security and societal well-being of the United States." *United States v. Estupinan*, 453 F.3d 1336, 1338 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 1486 (2007) (quotations omitted). Because we have previously held the MDLEA does not exceed Congress' law-making authority, this argument also fails. Thus, we affirm Estipinan-Estupinan's conviction.

**AFFIRMED.**