[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12253
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-20023-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DORIAN BENITO GOSDEN WALTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 22, 2015)

Before JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Dorian Gosden Walton and several others were onboard a vessel in international waters 75 nautical miles southwest of Jamaica when they were stopped by the United States Coast Guard. The Coast Guard boarding team found around 1,800 kilograms of marijuana on board. Gosden Walton identified himself as the master of the ship, which bore no indicia of nationality. Subsequently, Gosden Walton pled guilty to conspiracy to possess with intent to distribute marijuana while onboard a vessel subject to the jurisdiction of the United States, in violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §§ 70503(a)(1) and 70506(a)–(b). He was sentenced to 60 months' imprisonment.

On appeal, Gosden Walton argues that the MDLEA is unconstitutional because the Felonies Clause of the Constitution, *see* U.S. Const., art. I, § 8, cl. 10, does not give Congress the authority to proscribe drug trafficking in international waters without a showing of some nexus to the United States.[1] He asserts that drug trafficking is not a crime subject to universal jurisdiction under customary international law. But, as he acknowledges, his challenge to the MDLEA is foreclosed by prior precedent.

The Constitution grants Congress the power to "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of

---

[1] The parties dispute what standard of review applies to Gosden Walton's challenge— whether *de novo* or plain error. We need not and do not decide what standard of review applies because, regardless, Gosden Walton's challenge fails under the more exacting standard of *de novo* review. *United States v. Estupinan*, 453 F.3d 1336, 1338 (11th Cir. 2006).

Nations." U.S. Const., art. I, § 8, cl. 10. As interpreted by the United States Supreme Court, this Clause contains "three distinct grants of power: the power to define and punish piracies, the power to define and punish felonies committed on the high seas, and the power to define and punish offenses against the law of nations." *United States v. Bellaizac-Hurtado*, 700 F.3d 1245, 1248 (11th Cir. 2012). This case concerns the second grant of power, also referred to as the Felonies Clause.

By enacting the MDLEA, Congress specifically sought "to punish drug trafficking on the high seas, because drug trafficking aboard vessels (1) is a serious international problem and is universally condemned, and (2) presents a specific threat to the security and societal well-being of the United States." *United States v. Estupinan*, 453 F.3d 1336, 1338 (11th Cir. 2006) (citation and internal quotation marks omitted). To that end, the MDLEA broadly prohibits drug trafficking on any vessel subject to the jurisdiction of the United States, even if "the act is committed outside the territorial jurisdiction of the United States." 46 U.S.C. § 70503(a) & (b). Vessels "subject to the jurisdiction of the United States" include vessels "without nationality." 46 U.S.C. § 70501(c)(1)(A).

We have twice rejected the argument that Congress exceeded its authority under the Felonies Clause in enacting the MDLEA. *United States v. Campbell*, 743 F.3d 802, 810 (11th Cir.), *cert. denied* 135 S. Ct. 704 (2014); *Estupinan*, 453

3

F.3d at 1338-39.  Moreover, "conduct proscribed by the [MDLEA] need not have a nexus to the United States because universal and protective principles support its extraterritorial reach."  *Campbell*, 743 F.3d at 810.  As we explained in *Campbell*,

> The Felonies Clause empowers Congress to punish crimes committed on the high seas.  And inasmuch as the trafficking of narcotics is condemned universally by law-abiding nations, we see no reason to conclude that it is fundamentally unfair for Congress to provide for the punishment of persons apprehended with narcotics on the high seas.  Congress may assert extraterritorial jurisdiction over vessels in the high seas that are engaged in conduct that has a potentially adverse effect and is generally recognized as a crime by nations that have reasonably developed legal systems. And the protective principle does not require that there be proof of an actual or intended effect inside the United States.  Congress also may assert extraterritorial jurisdiction because the law places no restrictions upon a nation's right to subject stateless vessels to its jurisdiction.

*Id.* (citations, brackets, and internal quotation marks omitted).  Stateless vessels, such as the one Gosden Walton mastered, are "international pariahs that have no internationally recognized right to navigate freely on the high seas."  *Id.* (internal quotation marks omitted).

In short, our binding precedent in *Campbell* and *Estupinan* forecloses Gosden Walton's argument that the MDLEA is unconstitutional as applied to drug trafficking on the high seas that bears no nexus to the United States.  *Id.*; *Estupinan*, 453 F.3d at 1338-39.  We therefore affirm his conviction.

**AFFIRMED.**

4