[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13489
Non-Argument Calendar

_____

D.C. Docket No. 8:14-cr-00529-EAK-TBM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON MACIAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 29, 2016)


Before TJOFLAT, HULL and JILL PRYOR, Circuit Judges.

PER CURIAM:

After pleading guilty, Ramos Macias appeals his convictions for conspiring to possess with intent to distribute five kilograms or more of cocaine and possessing five kilograms or more of cocaine with intent to distribute while on board a vessel subject to the jurisdiction of the United States, in violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. § 70503(a), and 21 U.S.C. § 960(b)(1)(B)(ii).  On appeal, Macias argues for the first time that the MDLEA, as applied to him, exceeded Congress's authority under the "Piracies and Felonies Clause" of the U.S. Constitution.[1]  After review, we affirm.

Defendant Macias, an Ecuadorean citizen, and two other individuals were onboard a vessel when they were interdicted by the U.S. Coast Guard "in international waters in the Eastern Pacific Ocean, approximately 206 nautical miles northeast of the Galapagos Islands."  After the Coast Guard boarded the vessel, none of the crew claimed a nationality for the vessel.  Upon inspection of the vessel, the Coast Guard found approximately 300 kilograms of cocaine.  After Macias pled guilty, the district court imposed concurrent 120-month sentences.[2]

---

[1]The parties dispute whether Macias's newly raised constitutional argument is subject to plain error review or is a jurisdictional challenge subject to de novo review.  We need not resolve this question as Macias fails to show any error at all, and thus his argument fails under either standard of review.  See United States v. Estupinan, 453 F.3d 1336, 1338 (11th Cir. 2006) (declining to resolve which standard of review applies to a previously unraised challenge that Congress exceeded its authority under the Piracies and Felonies Clause because the defendant's claim failed under "the more exacting standard of de novo review").

[2]Macias does not appeal his sentence.

2

The Piracies and Felonies Clause grants Congress the power "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const. art. I, § 8, cl.10. As interpreted by the U.S. Supreme Court, the Piracies and Felonies Clause contains "three distinct grants of power:" (1) "the power to define and punish piracies" (the Piracies Clause); (2) "the power to define and punish felonies committed on the high seas" (the Felonies Clause); and (3) "the power to define and punish offenses against the law of nations," (the Offences Clause). United States v. Bellaizac-Hurtado, 700 F.3d 1245, 1248 (11th Cir. 2012). Macias's case involves the exercise of the grant of power under the Felonies Clause. The Felonies Clause is "textually limited to conduct on the high seas." Id..

The MDLEA provides, in relevant part, that "[a]n individual may not knowingly or intentionally . . . manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance" while onboard "a vessel subject to the jurisdiction of the United States." 46 U.S.C. § 70503(a)(1), (e)(1). A "vessel subject to the jurisdiction of the United States" includes "a vessel without nationality." Id. § 70502(c)(1)(A).

By enacting the MDLEA, Congress specifically sought "to punish drug trafficking on the high seas, because drug trafficking aboard vessels (1) is a serious international problem and is universally condemned, and (2) presents a specific

3

threat to the security and societal well-being of the United States." United States

v. Estupinan, 453 F.3d 1336, 1338 (11th Cir. 2006) (quotation marks omitted).  To

that end, the MDLEA broadly prohibits drug trafficking on any vessel subject to

the jurisdiction of the United States even if "the act is committed outside the

territorial jurisdiction of the United States."  46 U.S.C. § 70503(a), (b).

This Court has already twice rejected the argument that Congress exceeded

its authority under the Felonies Clause in enacting the MDLEA.  See United States

v. Campbell, 743 F.3d 802, 809-10 (11th Cir.), cert. denied, 135 S. Ct. 704 (2014);

Estupinan, 453 F.3d at 1338-39.  Moreover, "we have always upheld

extraterritorial convictions under our drug trafficking laws as an exercise of power

under the Felonies Clause."  Bellaizac-Hurtado, 700 F.3d at 1257; see also United

States v. Marino-Garcia, 679 F.2d 1373, 1383 (11th Cir. 1982) ("Having

determined that international law in no way restricts the right of the United States

to assert jurisdiction over stateless vessels on the high seas, we hold that Section

955a [the predecessor to the MDLEA] properly extends the criminal jurisdiction of

this country to any stateless vessel in international waters engaged in the

distribution of controlled substances").  As we explained in Campbell:

> The Felonies Clause empowers Congress to punish crimes committed on the high seas.  And inasmuch as the trafficking of narcotics is condemned universally by law-abiding nations, we see no reason to conclude that it is fundamentally unfair for Congress to provide for the punishment of persons apprehended with narcotics on the high seas.  Congress may assert extraterritorial jurisdiction over vessels in

the high seas that are engaged in conduct that has a potentially adverse effect and is generally recognized as a crime by nations that have reasonably developed legal systems.

743 F.3d at 810 (quotation marks and citations omitted).  Based on this Court's well-settled precedent, there is no merit to Macias's argument that the MDLEA as applied to his drug trafficking in international waters exceeds Congress's power under the Felonies Clause.

Citing this Court's decision in Bellaizac-Hurtado, Macias contends that under the Felonies Clause, Congress can proscribe conduct on the high seas only if that conduct is recognized as a felony under customary international law, and that his conduct, drug trafficking, does not violate customary international law. Macias's reliance on Bellaizac-Hurtado is misplaced.

Bellaizac-Hurtado addressed Congress's authority under the Offences Clause to proscribe drug trafficking committed in another country's waters, not Congress's power under the Felonies Clause to proscribe drug trafficking crimes committed in international waters.  See Bellaizac-Hurtado, 700 F.3d at 1248-49. Specifically, Bellaizac-Hurtado concluded that the MDLEA was unconstitutional under the Offences Clause as applied to defendants who had committed their drug trafficking offense within the territorial waters of Panama.  Id. at 1247, 1258.  This Court explained that Congress's power under the Offences Clause to define offenses against the law of nations is limited to proscribing violations of

5

"customary international law," and that drug trafficking, like most private criminal activity, is not a violation of customary international law.  Id. at 1249-58.[3] Bellaizac-Hurtado reconfirmed, however, that "Congress possesses additional constitutional authority to restrict conduct on the high seas," through both the Piracies Clause and the Felonies Clause, and that this Court has "always upheld extraterritorial convictions under our drug trafficking laws as an exercise of power under the Felonies Clause."  Id. at 1257 (emphasis added).

Macias contends that under Bellaizac-Hurtado's reasoning, the term "define" in the Piracies and Felonies Clause limits Congress's authority under all three clauses to violations of customary international law.  Thus, a court has jurisdiction over felonies committed onboard a stateless vessel on the high seas only if Congress has the power to "define" that crime as a felony under customary international law.

Macias misreads Bellaizac-Hurtado.  The Court in Bellaizac-Hurtado reasoned that it was the terms that follow "define" (i.e., "Piracies," "Felonies

---

[3]"Customary international law" is a term of art that refers to "a general and consistent practice of states" that is followed out of "a sense of legal obligation" pertaining to "a matter of mutual legal concern."  See Bellaizac-Hurtado, 700 F.3d at 1252.  The fact that states universally proscribe certain conduct in their domestic laws "is not necessarily significant or relevant for purposes of customary international law."  Id.  The subset of offenses which violate customary international law that can be committed by a private individual and punished criminally is very small.  Id. at 1254.  Such offenses include counterfeiting foreign currency, war crimes, crimes against humanity, and violations of safe conducts or ambassadorial rights, but exclude most malum in se crimes, even those universally condemned, such as rape and murder.  Id. at 1254, 1256-57.

6

committed on the high Seas," and "against the Laws of Nations") that narrow Congress's authority. See id. at 1249. And, unlike the Offences Clause, the Felonies Clause is not narrowed by the language "against the Laws of Nations." See U.S. Const., art. I, § 8, cl. 10. Bellaizac-Hurtado's discussion of the meaning of the word "define" as it pertains to the Offences Clause does not support Macias's argument as to the Felonies Clause. Furthermore, the interpretation of the Felonies Clause Macias urges upon us conflicts with this Court's long-standing precedent that "the assertion of jurisdiction over stateless vessels on the high seas in no way transgresses recognized principles of international law." See Marino-Garcia, 679 F.2d at 1382.

Macias does not dispute that he committed his drug trafficking offenses in international waters. Therefore, Bellaizac-Hurtado does not apply, and Macias's prosecution under the MDLEA for drug trafficking crimes committed onboard a stateless vessel in international waters is a constitutional exercise of extraterritorial jurisdiction under the Felonies Clause. See U.S. Const. art. I, § 8, cl. 10; Campbell, 743 F.3d at 809-10; Estupinan, 453 F.3d at 1339.

For these reasons, we affirm Macias's drug trafficking convictions under the MDLEA and 120-month total sentence.

**AFFIRMED.**