[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17150
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20501-DMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILSON ALFREDO SOLIS CORTES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 20, 2017)

Before MARCUS, MARTIN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Wilson Solis Cortes appeals his conviction and 120-month sentence, imposed after pleading guilty to one count of conspiracy to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(b).  On appeal, Defendant argues that the Maritime Drug Law Enforcement Act ("MDLEA")—the statute under which he was charged and convicted—is unconstitutional.  After careful review, we affirm.

## I.    BACKGROUND

According to the Presentence Investigation Report ("PSR"), in May 2016, a Marine Patrol Aircraft spotted a low-profile vessel in international waters near Costa Rica.  Sent to investigate, the United States Coast Guard discovered three people on board the vessel, as well as 43 bales of cocaine floating several nautical miles away from the vessel.  Along with the two others on board the vessel, Defendant claimed Colombian nationality and stated that the vessel was also Colombian.  The Coast Guard contacted the Colombian government, which neither confirmed nor denied the vessel's nationality.  As a result, the vessel was treated as a vessel without nationality.[1]  Following Defendant's arrest, he admitted that he was paid to throw the bales of cocaine into the water at specific GPS coordinates.

---

[1] The MDLEA provides that a "vessel without nationality" is subject to the jurisdiction of the United States and includes "a vessel aboard which the master or individual in charge makes a

2

A federal grand jury subsequently indicted Defendant on one count of conspiring to possess with intent to distribute a controlled substance, in violation of 46 U.S.C. §§ 70503(a), 70506(b) (Count 1), and one count of possession with intent to distribute a controlled substance, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a) and 18 U.S.C. § 2 (Count 2).  The indictment stated that both offenses occurred while Defendant was "on board a vessel subject to the jurisdiction of the United States."

Defendant moved to dismiss the indictment on the ground that the MDLEA was unconstitutional.  He recognized that this argument was foreclosed by binding precedent, but nevertheless presented the issue for further review.  He further argued that the statute was unconstitutional as applied to him because Congress did not have authority to punish a crime that occurs on the high seas unless the crime has a nexus to the United States.  Defendant acknowledged that this argument was likewise foreclosed by binding precedent.  The district court denied Defendant's motion.

Defendant later pled guilty to Count 1:  conspiring to possess with intent to distribute cocaine on board a vessel subject to the jurisdiction of the United States,

---

claim of registry that is denied by the nation whose registry is claimed."  46 U.S.C. § 70502(c)(1)(A), (d)(1)(A).

46 U.S.C. §§ 70503(a), 70506(b).  The district court sentenced Defendant to 120 months' imprisonment.

## II.    DISCUSSION

We review *de novo* whether a statute is constitutional.  *United States v. Spoerke*, 568 F.3d 1236, 1244 (11th Cir. 2009) ("When a motion to dismiss challenges the constitutionality of a statute, we review *de novo* the interpretation of the statute by the district court.").

The Constitution permits Congress to "define and punish Piracies and Felonies committed on the high Seas."  U.S. const. Art. I, § 8, cl. 10.  The MDLEA prohibits individuals from "knowingly or intentionally . . . . manufactur[ing] or distribut[ing], or possess[ing] with intent to manufacture or distribute, a controlled substance" on board "a vessel of the United States or a vessel subject to the jurisdiction of the United States."  46 U.S.C. § 70503(a), (e); *see also United States v. Campbell*, 743 F.3d 802, 805 (11th Cir. 2014).  Congress specifically enacted the MDLEA to "punish drug trafficking on the high seas."  *United States v. Estupinan*, 453 F.3d 1336, 1338 (11th Cir. 2006).

Defendant argues that the MDLEA is unconstitutional as applied to drug trafficking offenses where there is no nexus to the United States.  He further asserts that Congress exceeded its authority under the Piracies and Felonies Clause by

enacting the MDLEA.  As Defendant concedes, he cannot prevail on his arguments because they are foreclosed by binding precedent.

This Court has repeatedly concluded that the MDLEA is a valid exercise of Congress's power under the Piracies and Felonies Clause of the Constitution. *Campbell*, 743 F.3d at 810; *see also United States v. Cruickshank*, 837 F.3d 1182, 1188 (11th Cir. 2016) (reaffirming this Court's decision in *Campbell* by rejecting defendant's argument that Congress exceeded its authority by enacting the MDLEA), *cert. denied*, 137 S. Ct. 1325 (U.S. Apr. 3, 2017).  Moreover, this Court has "recognized that the conduct proscribed by the [MDLEA] need not have a nexus to the United States because universal and protective principles support its extraterritorial reach."  *Campbell*, 743 F.3d at 810; *United States v. Wilchcombe*, 838 F.3d 1179, 1186 (11th Cir. 2016) ("The text of the MDLEA does not require a nexus between the defendants and the United States; it specifically provides that its prohibitions on drug trafficking are applicable 'even though the act is committed outside the territorial jurisdiction of the United States.'" (quoting 46 U.S.C. § 70503(b))), *petition for cert. filed*, (16-1063) (U.S. Mar. 6, 2017).  Under the prior precedent rule, "we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court."  *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (quotations omitted).

Accordingly, Defendant's conviction and sentence are **AFFIRMED**.

5