[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10603
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20381-KMW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALKIN DE LEON PERALTA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 30, 2017)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Walkin De Leon Peralta appeals his convictions for possession with intent to distribute a controlled substance on board a vessel subject to the jurisdiction of the United States, and conspiracy to possess with intent to distribute a controlled substance on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(a)(1) and (b).  On appeal, De Leon contends that the Maritime Drug Law Enforcement Act ("MDLEA"), the statute under which he was charged and convicted, is unconstitutional as applied to him.  We affirm.

The Constitution permits Congress to "define and punish Piracies and Felonies committed on the high Seas."  U.S. const. Art. I, § 8, cl. 10.  Congress enacted the MDLEA to "punish drug trafficking on the high seas."  *United States v. Estupinan*, 453 F.3d 1336, 1338 (11th Cir. 2006).  The MDLEA prohibits individuals from "knowingly or intentionally . . . manufactur[ing] or distribut[ing], or possess[ing] with intent to manufacture or distribute, a controlled substance" on board "a vessel of the United States or a vessel subject to the jurisdiction of the United States."  46 U.S.C. § 70503(a), (e); *see also United States v. Campbell*, 743 F.3d 802, 805 (11th Cir. 2014).  Under the MDLEA, a vessel "subject to the jurisdiction of the United States" includes "a vessel without nationality," a term which includes "a vessel aboard which the master or individual in charge makes a claim of registry that is denied by the nation whose registry is claimed."  46 U.S.C. § 70502(c)(1)(A), (d)(1)(A).

2

In 1996, Congress amended the MDLEA to provide that "[j]urisdiction of the United States with respect to a vessel subject to this chapter is not an element of an offense." 46 U.S.C. § 70504(a); *see Campbell*, 743 F.3d at 805. Instead, jurisdictional issues under the MDLEA "are preliminary questions of law to be determined solely by the trial judge." 46 U.S.C. § 70504(a).

De Leon argues that Congress's power to punish felonies on the high seas does not extend to drug-trafficking offenses with no nexus to the United States. Relying on principles of personal jurisdiction, he further asserts that it violates due process for courts to exercise jurisdiction over conduct without such a nexus. He also maintains that the MDLEA violates his rights under the Fifth and Sixth Amendments because it removes the factual basis of the jurisdictional requirement from the jury's consideration. As De Leon concedes, however, we have repeatedly upheld the constitutionality of the MDLEA in the face of these arguments. *See, e.g.*, *United States v. Cruickshank*, 837 F.3d 1182, 1187–88 (11th Cir. 2016), *Campbell*, 743 F.3d at 809–12; *United States v. Rendon*, 354 F.3d 1320, 1324–28 (11th Cir. 2003); *United States v. Tinoco*, 304 F.3d 1088, 1108–12 (11th Cir. 2002).

In *Campbell*, for example, we rejected each of the arguments De Leon raises on appeal. *See* 743 F.3d at 809–12. We held that (1) the MDLEA is a valid exercise of Congress's power under the Felonies Clause as applied to offenses

3

without a nexus to the United States, *id.* at 810; (2) a conviction under the MDLEA does not violate a defendant's right to due process under the Fifth Amendment even when the offense lacks such a nexus, *id.* at 812; and (3) the Fifth and Sixth Amendment do not require a jury to determine whether extraterritorial jurisdiction exists under the MDLEA, *id.* at 809. *See also Cruickshank*, 837 F.3d at 1188 ("In *Campbell*, we reaffirmed that Congress did not exceed its authority by enacting the MDLEA; we determined that no jurisdictional nexus was required under the MDLEA; and we concluded that convictions under the MDLEA do not violate the Due Process Clause of the Constitution.").

"Under the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court." *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (internal quotation marks omitted). Because De Leon's arguments are foreclosed by binding precedent, we affirm his convictions. His arguments are preserved for purposes of further review.

**AFFIRMED.**

4