**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 22-12251

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

HILARIO VALDEZ-CAMPOS,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00330-VMC-CPT-2

————————————

Before LUCK, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Hilario Valdez-Campos appeals his conviction for conspiracy to possess with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the

United States.  Valdez-Campos argues that the district court lacked jurisdiction because Congress exceeded its Article I authority in defining a "vessel without nationality" in the Maritime Drug Law Enforcement Act.  After careful consideration, we conclude that Congress did not exceed its authority, and the district court had jurisdiction.  Accordingly, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 19, 2021, a military patrol aircraft sighted a go-fast vessel with large packages in international waters approximately 270 nautical miles southwest of Acapulco, Mexico.  The United States Coast Guard launched a small boat to intercept the go-fast vessel, which the vessel attempted to evade.  While fleeing, the vessel began to throw bales of cocaine into the water.  The Coast Guard eventually stopped and boarded the vessel.  There were five individuals onboard, including Valdez-Campos.  "Mexican nationality was claimed for the vessel."  Mexico could neither confirm nor deny the nationality of the vessel, which rendered the vessel stateless and subject to the jurisdiction of the United States under the Act, 46 U.S.C. section 70502(c)(1)(A) and (d)(1)(C).  The Coast Guard recovered 2,285 kilograms of cocaine.

Valdez-Campos and his four shipmates were indicted on two counts:  (1) conspiracy to possess with the intent to distribute five kilograms or more of cocaine aboard a vessel, in violation of 46 U.S.C. sections 70503(a) and 70506(a) and (b); and (2) possession with intent to distribute five kilograms or more of cocaine aboard a vessel, in violation of 46 U.S.C. sections 70503(a), 70506(a), and

22-12251            Opinion of the Court            3

18 U.S.C. section 2.  Valdez-Campos pleaded guilty to the conspiracy charge in a written plea agreement in exchange for the government's agreement to dismiss the possession charge.  Two days after Valdez-Campos's change of plea hearing, one of his codefendants filed a motion to dismiss the indictment.  Valdez-Campos moved to adopt the motion to dismiss, and the district court granted his request.

In the dismissal motion, Valdez-Campos and his codefendant argued that the United States lacked jurisdiction because Congress exceeded its Article I authority in defining a "vessel without nationality" in the Act to include a vessel for which the leader of the crew made a verbal claim of nationality that could not be confirmed by the claimed nation.  The district court denied the motion to dismiss, and sentenced Valdez-Campos to 108 months' imprisonment.  Valdez-Campos appeals his conviction.

**STANDARD OF REVIEW**

We review de novo the district court's denial of a motion to dismiss based on subject matter jurisdiction.  *United States v. Alfonso*, 104 F.4th 815, 820 (11th Cir. 2024).  Likewise, we review de novo the district court's interpretation of a statute and its determination of whether a statute is constitutional.  *Id.*

**DISCUSSION**

On appeal, Valdez-Campos challenges the constitutionality of the Act's definition of a "vessel without nationality" in 46 U.S.C. section 70502(d)(1)(C).  Article I, Section 8, Clause 10 of the

Constitution contains "three distinct grants of power" to Congress: (1) "the power to define and punish piracies" (the Piracies Clause); (2) "the power to define and punish felonies committed on the high seas" (the Felonies Clause); and (3) "the power to define and punish offenses against the law of nations" (the Offences Clause). *United States v. Bellaizac-Hurtado*, 700 F.3d 1245, 1248 (11th Cir. 2012). This appeal involves a conviction for an offense defined by the Act under the Felonies Clause.

Congress wrote the Act to prohibit the knowing and intentional possession with intent to distribute controlled substances onboard vessels subject to the jurisdiction of the United States. *United States v. Campbell*, 743 F.3d 802, 805 (11th Cir. 2014). We have repeatedly upheld the MDLEA as a valid exercise of Congress's power under the Felonies Clause. *Alfonso*, 104 F.4th at 820; *United States v. Cabezas-Montano*, 949 F.3d 567, 587 (11th Cir. 2020); *United States v. Estupinan*, 453 F.3d 1336, 1338–39 (11th Cir. 2006).

The Act's definition of a vessel subject to the jurisdiction of the United States includes a "vessel without nationality." 46 U.S.C. § 70502(c)(1)(A). "[V]essel without nationality" is defined, in turn, to include "a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." *Id.* § 70502(d)(1)(C).

Valdez-Campos challenges the constitutionality of this provision. He asserts that under customary international law, a verbal claim by a vessel's master establishes a presumption of the vessel's

nationality that is not overcome by that nation's inability to confirm the vessel's nationality. He argues that Congress's authority under the Felonies Clause is limited by this international law definition.

But Valdez-Campos's argument is foreclosed by precedent. In *Alfonso*, we held that customary international law does not limit Congress's authority under the Felonies Clause. 104 F.4th at 826. And we recently rejected the same argument that customary international law limits Congress's authority to define a "vessel without nationality." *United States v. Canario-Vilomar*, 128 F.4th 1374, 1381 (11th Cir. 2025). Thus, Congress did not exceed its authority under the Felonies Clause, and the district court had jurisdiction over Valdez-Campos's indictment.

## CONCLUSION

Because we conclude that Valdez-Campos is not entitled to relief, we affirm his conviction.

**AFFIRMED**.