**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 22-13139

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

NEDRY MCLEAN,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00026-SCB-AAS-3

_____

Before ROSENBAUM, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Nedry McLean appeals his conviction for possession and conspiracy to possess with the intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction

of the United States.  McLean argues that the district court lacked jurisdiction to hear the charges because the Maritime Drug Law Enforcement Act is unconstitutional as applied to his case.  After careful consideration, we conclude that McLean's arguments are foreclosed by our prior precedent.  Thus, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 30, 2021, a Customs and Border Patrol aircraft sighted a low-profile vessel in international waters approximately thirty-seven nautical miles north of Colon, Panama.  After the Coast Guard observed the individuals on the vessel jettisoning packages of suspected contraband into the water, it stopped and boarded the vessel.  There were four individuals onboard, including McLean.  The master claimed Colombian nationality for the vessel, but the Colombian government could neither confirm nor deny its registry.  The Coast Guard recovered from the water forty one-kilogram packages, which tested positive for cocaine.

McLean and his three shipmates were indicted on two counts:  (1) conspiracy to possess with the intent to distribute five kilograms or more of cocaine aboard a vessel, in violation of 46 U.S.C. sections 70503(a) and 70506(a) and (b); and (2) possession with the intent to distribute five kilograms or more of cocaine aboard a vessel, in violation of 46 U.S.C. sections 70503(a), 70506(a), and 18 U.S.C. section 2.

McLean moved to dismiss the indictment for lack of jurisdiction.  The motion argued that the Act was unconstitutional as applied to him because Congress exceeded its Article I authority by

(1) defining a "vessel without nationality" contrary to customary international law, and (2) extending jurisdiction to a defendant on a stateless vessel on the high seas with no nexus to the United States. The district court denied McLean's motion, concluding his arguments were foreclosed by our binding precedent. McLean then pleaded guilty to both counts. The district court sentenced him to eighty-seven months' imprisonment. McLean appeals his conviction.

## STANDARD OF REVIEW

We review de novo the district court's denial of a motion to dismiss based on subject matter jurisdiction. *United States v. Alfonso*, 104 F.4th 815, 820 (11th Cir. 2024). Likewise, we review de novo the district court's interpretation of a statute and its determination of whether a statute is constitutional. *Id.*

## DISCUSSION

On appeal, McLean reiterates his arguments from his motion to dismiss. First, he contends that Congress exceeded its Article I authority by defining a "vessel without nationality" in the Act to include vessels that are not stateless under customary international law. Second, he argues that the Act, as applied to offenses without a nexus to the United States, violates due process. As explained below, both of McLean's arguments fail.

Article I, Section 8, Clause 10 of the Constitution contains "three distinct grants of power" to Congress: (1) "the power to define and punish piracies" (the Piracies Clause); (2) "the power to

define and punish felonies committed on the high seas" (the Felonies Clause); and (3) "the power to define and punish offenses against the law of nations" (the Offenses Clause). *United States v. Bellaizac-Hurtado*, 700 F.3d 1245, 1248 (11th Cir. 2012). This appeal involves Congress's power under the Felonies Clause.

Under the Act, Congress prohibited the knowing and intentional possession with the intent to distribute controlled substances onboard vessels subject to the jurisdiction of the United States. *United States v. Campbell*, 743 F.3d 802, 805 (11th Cir. 2014). We have repeatedly upheld the Act as a valid exercise of Congress's power under the Felonies Clause. *Alfonso*, 104 F.4th at 820; *United States v. Cabezas-Montano*, 949 F.3d 567, 587 (11th Cir. 2020); *United States v. Estupinan*, 453 F.3d 1336, 1338–39 (11th Cir. 2006).

The Act's definition of a vessel subject to the jurisdiction of the United States includes a "vessel without nationality." 46 U.S.C. § 70502(c)(1)(A). The Act defines a "vessel without nationality" to include "a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." *Id.* § 70502(d)(1)(C).

McLean first argues that Congress's authority under the Felonies Clause is limited by customary international law, which considers a verbal claim of nationality by a vessel's master sufficient to establish a presumption of nationality. But, in *Alfonso*, we held that customary international law does not limit Congress's authority under the Felonies Clause. 104 F.4th at 826. And, in *United States*

*v. Canario-Vilomar*, 128 F.4th 1374 (11th Cir. 2025), we rejected an identical argument that customary international law limits Congress's authority to define a "vessel without nationality" as foreclosed by *Alfonso*. *Id.* at 1381.

McLean next asserts that Congress's authority under the Felonies Clause is limited to the regulation of conduct with a nexus to the United States. But this argument is also foreclosed by our precedent. In *Campbell*, we held that "the conduct proscribed by the [Act] need not have a nexus to the United States." 743 F.3d at 810; *see also United States v. Cruickshank*, 837 F.3d 1182, 1188 (11th Cir. 2016) (holding that the lack of a nexus requirement does not render the Act unconstitutional). And we said that a defendant's due process rights are not violated when he is convicted under the Act despite his offense lacking a nexus to the United States. *Campbell*, 743 F.3d at 812.

Thus, under our precedent, Congress did not exceed its authority under the Felonies Clause, and the district court had jurisdiction to consider McLean's indictment. For that reason, we affirm.

**AFFIRMED**.