**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10008

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

WINSTON PINNOCK,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cr-00103-WFJ-SPF-1

_____

Before NEWSOM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Winston Pinnock appeals his convictions and 120-month total sentence for conspiracy to possess, with the intent to distribute, five kilograms or more of cocaine, 21 U.S.C. § 960(b)(1)(B)(ii),

2                    Opinion of the Court                25-10008

46 U.S.C. §§ 70503(a), 70506(a) & (b), and possession with intent to distribute five kilograms or more of cocaine, 18 U.S.C. § 2, 21 U.S.C. § 960(b)(1)(B)(ii), 46 U.S.C. §§ 70503(a) & 70506(a). Both of these convictions were violations of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. § 70501, *et seq.* On appeal, Pinnock makes two arguments, but he concedes the first is foreclosed by our precedent. After careful review, we affirm.[1]

## I.

Pinnock first argues that his convictions are unconstitutional for three reasons: (1) the MDLEA exceeds Congress's Article I authority because his conduct had no connection to the United States; (2) his conduct lacked a nexus to the United States, so prosecuting him violates due process; and (3) Congress lacks Article I authority over conduct which occurs within the exclusive economic zone ("EEZ") of another country. He correctly concedes that these arguments have been rejected by this Court in prior published opinions.[2] "[A] prior panel's holding is binding on all subsequent panels

---

[1] We write only for the parties, so we omit a lengthy recitation of the facts.

[2] Indeed, we have repeatedly rejected constitutional challenges to the MDLEA. *See United States v. Canario-Vilomar*, 128 F.4th 1374, 1376–78 (11th Cir.), *cert. denied*, 146 S. Ct. 269 (2025); *United States v. Alfonso*, 104 F.4th 815, 820 (11th Cir. 2024), *cert. denied*, 145 S. Ct. 2706 (2025); *United States v. Cabezas-Montano*, 949 F.3d 567, 587 (11th Cir. 2020); *United States v. Castillo*, 899 F.3d 1208, 1211 (11th Cir. 2018); *United States v. Hernandez*, 864 F.3d 1292, 1303 (11th Cir. 2017); *United States v. Campbell*, 743 F.3d 802, 809–10 (11th Cir. 2017); *United States v. Wilchombe*, 838 F.3d 1179, 1186 (11th Cir. 2016); *United States v. Estupinan*, 453 F.3d 1336, 1338–39 (11th Cir. 2006).

unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc.*" *United States v. Dubois*, 139 F.4th 887, 892 (11th Cir. 2025) (citation omitted), *cert. denied*, No. 25-6281, 2026 WL 135685 (Jan. 20, 2026) (mem.).  In light of our binding caselaw on these issues, we affirm Pinnock's convictions without further discussion.  *See United States v. Paradies*, 98 F.3d 1266, 1277 n.13 (11th Cir. 1997) (noting that we may summarily affirm when "issues do not warrant [further] discussion").

## II.

Pinnock's second argument is that his sentence is substantively unreasonable.  He makes several subsidiary points in support of this argument, which we address in turn.

"We review the substantive reasonableness of a sentence for an abuse of discretion." *United States v. Butler*, 39 F.4th 1349, 1354–55 (11th Cir. 2022).  When we review for substantive reasonableness, "we will not substitute our own judgment for that of the sentencing court and we will affirm a sentence so long as the court's decision was 'in the ballpark of permissible outcomes.'" *Id.* at 1355 (quoting *United States v. Rosales-Bruno*, 789 F.3d 1249, 1257 (11th Cir. 2015) (Opinion of E. Carnes, J.)).  A party arguing a sentence is unreasonable bears "the burden of establishing the sentence is unreasonable in light of the record and the § 3553(a) factors." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  "[W]e have identified three ways in which a district court can abuse its discre-

tion" and "impos[e] a substantively unreasonable sentence: (1) failing to properly consider a relevant sentencing factor that was due significant weight, (2) giving significant weight to a factor that was not relevant, or (3) committing a clear error of judgment by weighing the sentencing factors unreasonably." *Butler*, 39 F.4th at 1356; *see also United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (same).

Under § 3553(a), a district court must impose a sentence "sufficient, but not greater than necessary," to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from future crimes of the defendant. 18 U.S.C. § 3553(a). A court also must consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentence disparities among similarly situated defendants. *Id.*

Pinnock's first contention is that the district court gave no "real weight" to his Guidelines range. *See Irey*, 612 F.3d at 1217 ("Even though not bound by the guidelines, a sentencing court may not give them so little consideration that it amounts to 'not giv[ing] any real weight to the Guidelines range in imposing the sentence.'" (quoting *United States v. Pugh*, 515 F.3d 1179, 1200 (11th Cir. 2008)). He correctly notes that, though the Sentencing Guidelines are advisory, they represent the knowledge, experience, and purposes of the Sentencing Commission, and our caselaw requires

25-10008                Opinion of the Court                    5

district courts to give the Guidelines weight in reaching a reasonable sentence. *See, e.g.*, *United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011) (explaining that, though a district court is not bound to apply the guidelines, it must calculate them correctly and consult them). We have found sentences substantively unreasonable where the district court failed to give adequate consideration of the Guidelines range. *See, e.g.*, *United States v. Hayes*, 762 F.3d 1300, 1307–11 (11th Cir. 2014) (explaining that a sentence of probation was unreasonable in light of a Guidelines range of 41 to 51 months); *United States v. Pugh*, 515 F.3d 1179, 1200–01, 1203 (11th Cir. 2008) (concluding the district court "did not give any real weight to the Guidelines range in imposing the sentence" when it varied from a 97 to 120 month Guidelines range to a 0 month, probation-only sentence). At the same time, "the weight given to each factor is committed to the sound discretion of the district court," and it may attach greater weight to one factor over the others. *Butler*, 39 F.4th at 1355; *see Rosales-Bruno*, 789 F.3d at 1254 ("'We have not attempted to specify any particular weight that should be given to the guidelines range,' and we have rejected 'any across-the-board prescription regarding the appropriate deference to give the Guidelines.'" (first quoting *Irey*, 612 F.3d at 1217; and then quoting *United States v. Hunt*, 459 F.3d 1180, 1184 (11th Cir. 2006))); *see also United States v. Olson*, 127 F.4th 1266, 1276 (11th Cir. 2025) ("A district court does not have to give all the factors equal weight . . . .").

Here, the district court did not fail to consult the Guidelines or abuse its discretion in considering them. At the beginning of the sentencing hearing, the district court said: "let's focus in on th[e]"

PSI, and then ensured that Pinnock had no "objections, factually or numerically" to the PSI or the Guidelines range contained within. In imposing the sentence, the district court noted that it was varying from the Guidelines range—which no party had objected to— and gave a reason for doing so: "the need for specific deterrence." *See* 18 U.S.C. § 3553(a)(2)(B) (instructing courts to consider the need for a sentence "to afford adequate deterrence"). In sum, the court's comments make clear that it knew what the operative Guidelines range was and that it was varying from it.[3] Thus, Pinnock has not shown the district court ignored the Guidelines. Having failed to show that there was *no* consideration of this relevant factor, Pinnock must show that the district court weighed it unreasonably. *Butler*, 39 F.4th at 1356; *Rosales-Bruno*, 789 F.3d at 1254. However, the weight given to each relevant factor is committed to the sound discretion of the district court, and a court does not abuse its discretion simply by giving the Guidelines less weight than a defendant prefers. *Butler*, 39 F.4th at 1355; *see also Olson*, 127 F.4th at 1276.[4]

---

[3] Moreover, the court's post-sentencing "statement of reasons" reflects that the court knew that Pinnock was not subject to the mandatory minimum term of imprisonment under 18 U.S.C. § 3553(f), meaning that the court's choice of a 120-month sentence was not based on an improper application of the statutory mandatory minimum, either.

[4] Pinnock compares his case to *United States v. Martin*, No. 23-12139, 2025 WL 88687, at *7–8 (11th Cir. Jan. 14, 2025) (unpublished), but the facts are readily distinguishable. Most relevantly, the variance there—which we found showed a lack of consideration of the Guidelines range—was a 115-month var-

Pinnock's second contention is that the district court failed to justify its upward variance. In imposing a variance from the Guidelines, a court should look to the § 3553(a) factors. *Butler*, 39 F.4th at 1355. For instance, a court can "impose an upward variance if it concludes that the [g]uidelines range was insufficient in light of a defendant's criminal history," or if uncharged conduct relates to "the need to promote respect for the law, afford adequate deterrence, and protect the public." *Id.* Pinnock contends that his prior conviction, for marijuana trafficking, which resulted in a short sentence, did not justify an upward variance, in part because the features of this offense that the court found more serious than the prior marijuana trafficking offense were already factored into his Guidelines range. Even so, a court may consider, in imposing a variance, factors which it already considered in calculating the Guidelines range. *United States v. Oudomsine*, 57 F.4th 1262, 1268 (11th Cir. 2023). Accordingly, the district court did not err when it considered factors about Pinnock's prior offense and the instant offense which were already factored into the Guidelines. *Id.* Moreover, the reason the district court provided for its upward variance—specific deterrence—was permissible under our precedent as it is a relevant § 3553(a) factors. *Butler*, 39 F.4th at 1355.

---

iance to the statutory maximum. *Id.* The variance here was much more modest and led to a sentence far from the statutory maximum. *See Irey*, 612 F.3d at 1186 (explaining that "a major departure" from the Guidelines "should be supported by a more significant justification than a minor one" (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007))).

Pinnock's third contention is that the district court "afforded no weight" to his mitigation evidence. Yet a court's "failure to discuss . . . 'mitigating' evidence" does not indicate that the court "erroneously 'ignored' or failed to consider th[e] evidence in determining [the defendant's] sentence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007). Instead, a "court's acknowledgment that it has considered the § 3553(a) factors and the parties' arguments" is typically sufficient to show it has considered the issues and arguments before it. *Butler*, 39 F.4th at 1355 (citing *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009)); *see also United States v. Lebowitz*, 676 F.3d 1000, 1016–17 (11th Cir. 2012) (explaining that a district court does not have to give mitigating factors the weight a defendant contends they deserve). Here, Pinnock is correct that the district court did not specifically discuss Pinnock's mitigation evidence. However, the district court noted it had read Pinnock's sentencing memo and "the advisory guidelines" and the "statutory purposes of sentencing," suggesting that it had considered his position. *See Butler*, 39 F.4th at 1355; *Sarras*, 575 F.3d at 1219.

Further, while Pinnock argues the court's dismissive treatment of his mitigation evidence created a sentence disparity, a sentencing disparity among co-defendants is usually not grounds for appellate relief. *United States v. Cavallo*, 790 F.3d 1202, 1237 (11th Cir. 2015); 18 U.S.C. § 3553(a)(6). That is because "[a] well-founded claim of [unwarranted] disparity . . . assumes that apples are being compared to apples." *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) (quoting *United States v. Mateo-Espejo*, 426 F.3d 508, 514 (1st Cir. 2005)). Pinnock has not shown that he has "all of the

[same] individual characteristics" as his codefendants, so he has not shown an abuse of discretion in this respect either. *United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015).[5]

Finally, a sentence "well below the statutory maximum" is an indicator of reasonableness. *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021) (quoting *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014)); *see also United States v. Sotelo*, 130 F.4th 1229, 1245 (11th Cir. 2025) (same). The statutory maximum sentence here was life imprisonment. 21 U.S.C. § 960(b)(1)(B)(ii). In light of this fact and because none of Pinnock's other arguments show error under our precedent, we conclude that there was no abuse of discretion. *See Butler*, 39 F.4th at 1355 (explaining that "we will affirm a sentence [as substantively reasonable] so long as the court's decision was 'in the ballpark of permissible outcomes'" (quoting *Rosales-Bruno*, 789 F.3d at 1257)).

★    ★    ★

For the reasons explained, we affirm Pinnock's convictions and sentence.

**AFFIRMED.**

---

[5] In a fourth sub-point about the substantive reasonableness of his sentence, Pinnock contends that "for the reasons" he explained before, the district court also erred "in the aggregate by improperly balancing the required sentencing factors." Because we rejected each of his preceding points, we reject his final contention.